**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

JONATHAN TABER SANCHEZ                                                                          PLAINTIFF
ADC #162752

v.                                                        3:23-cv-00080-JM-JJV

GREENE COUNTY DETENTION CENTER                                                   DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr.   Any party may serve and file written objections to this Recommendation.   Objections should be specific and include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation.   Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

## I.      INTRODUCTION

Jonathan Taber Sanchez ("Plaintiff") is confined in the Poinsett County Detention Center. He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was in the Greene County Detention Center.   (Doc. 2.)

## II.     SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).   The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c)

1

seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The factual allegations must be weighted in favor of Plaintiff.   *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).   "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."   *Id.*   But regardless of whether a plaintiff is represented or appearing *pro se*, the "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   *Twombly,* 550 U.S. at 556.   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.   Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief.   *Id*. at 557.

Title 42 of the United States Code, section 1983 allows individuals to bring suit against persons who, under color of state law, have caused them to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.   42 U.S.C. § 1983 (1996).   Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere."   *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted).   In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the

2

color of state law.   *West v. Atkins*, 487 U.S. 42, 48 (1988).

## III.   DISCUSSION

Plaintiff says that, while he was in the Greene County Detention Center from May of 2022 to January 2023, jail employees lost or stole his wedding bands, necklace, backpack, and Arkansas identification card.   (Doc. 2.)   As relief he seeks monetary damages. (*Id*.) After careful consideration, I conclude Plaintiff has not pled a plausible constitutional claim for relief for the following reasons.

First, the only named Defendant is the Greene County Detention Center.   But it is well settled that jails are not proper defendants in a § 1983 action.   *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Williams v. Pulaski Cnty. Det. Facility*, Case No. 07-3851, 2008 WL 2079104 (8th Cir. May 19, 2008) (unpublished opinion).

Second, Plaintiff has not pled a plausible constitutional claim even if he had named a proper defendant.   A prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of his personal property, as long as the State provides a post-deprivation remedy to address the property loss.   *Hudson v. Palmer*, 468 U.S. 517, 533-6 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981).   Here, Plaintiff can file a conversion action in state court against the individuals who allegedly lost or stole his personal property.   *See Bausley v. Dugan*, Case No. 04-2642, 2004 WL 2291373 (8th Cir. Oct. 13, 2004) (unpublished decision); *Carniglia v. Dearmon*, Case No. 01-1852, 2001 WL 878347 (8th Cir. Aug. 6, 2001) (unpublished decision).   Because Plaintiff has that adequate post-deprivation remedy available to him under Arkansas, he has not pled a plausible constitutional claim.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted, and this case be CLOSED.

2.      The Court recommend, in the future, that dismissal of this lawsuit count as a strike under 28 U.S.C. § 1915(g).

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 11th day of April 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE